**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4539**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDDY ANTONIO PERALTA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cr-00400-CCE-1)

Submitted:  July 31, 2020                                              Decided:  August 7, 2020

Before GREGORY, Chief Judge, MOTZ and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddy Antonio Peralta pleaded guilty to possession with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2018). The district court sentenced Peralta to 165 months' imprisonment. Peralta's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Peralta's sentence is reasonable. Although informed of his right to file a pro se supplemental brief, Peralta has not done so. We affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

On appeal, Peralta questions whether the district court imposed a reasonable sentence. Our review of the record reveals no procedural or substantive errors. The district court accurately calculated the Guidelines range, accorded the parties an opportunity to argue for an appropriate sentence, and allowed Peralta to speak during allocution. Peralta moved for a downward variance based on the Guidelines' disparate treatment of methamphetamine offenses. The district court thoughtfully considered Peralta's arguments, granted a variance, and explained its reasons for not varying to the sentence Peralta requested while explicitly crediting his policy argument regarding methamphetamine offenses and his role in the offense. We therefore conclude that Peralta's below-Guidelines sentence is substantively reasonable and that Peralta fails to rebut that presumption. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Peralta, in writing, of the right to petition the Supreme Court of the United States for further review. If Peralta requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Peralta.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3